IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CIMINO BROTHERS PRODUCE                                                                                    PLAINTIFF

v.                                          Case No. 4:08CV00157 JLH

FU WENG FOODS, INC., an Arkansas
corporation; FU WENG TRADING, LLC,
a limited liability company; QI YAN WENG,
an individual; WEN GUI YAN, an individual;
JIE HAO, an individual; JIE HONGWEI, an individual;
and MINHUI WENG, an individual                                                                           DEFENDANTS

**OPINION AND ORDER**

Cimino Brothers Produce has filed a motion for an award of attorneys' fees and costs. The parties previously stipulated that Cimino Brothers Produce's invoices included provisions for the recovery of reasonable attorneys' fees and costs incurred in collecting the sums due. The parties disagree, however, as to whether the fee request by Cimino Brothers Produce is reasonable.

**I.**

The starting point in determining the reasonableness of a request for attorneys' fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). In determining the reasonableness of the fee request, the Court may consider the factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Hensley*, 461 U.S. at 430, 103 S. Ct. at 1937 n.3. Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience,

>reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.*; *see also Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003). The Court should exclude hours that were not reasonably expended. *Hensley*, 461 U.S. at 434, 103 S. Ct. at 1939; *Wheeler*, 348 F.3d at 754.

>Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Hensley*, 461 U.S. at 434, 103 S. Ct. at 1939-40. After the lodestar calculation, other considerations, including the results obtained, may make it appropriate to adjust the fee upward or downward. *Id.*, 461 U.S. at 434, 103 S. Ct. at 1940. The Court may consider whether the prevailing party achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. *Id.*

## II.

Cimino Brothers Produce commenced this action to recover the principal sum of $46,426.90 for perishable agricultural commodities purchased from Fu Weng Trading, LLC, a/k/a Fu Weng Foods, Inc. The invoices included provisions for the recovery of interest at the rate of 18% per annum. Fu Weng Trading, LLC, admitted in its answer that it had received the produce and had failed to make payment. Fu Weng Trading, LLC, admitted that it owed Cimino Brothers Produce $46,426.90 plus interest. *See* Complaint (Document #1) and Answer (Document #16) at ¶¶ 23-28.

Cimino Brothers Produce also brought this action against Qi Yan Weng, Wen Gui Yan, Jie Hao, Jie Hongwei, and Minhui Weng. Service was never obtained on Wen Gui Yan, Jie Hao, and Jie Hongwei.

The allegations against Qi Yan Weng and Minhui Weng were that they were principals of Fu Weng Trading, LLC, and as such had an obligation to maintain the assets of Fu Weng Trading, LLC, so that they would be available to pay for the produce received from Cimino Brothers Produce. The complaint sought to hold the individuals liable as PACA trustees pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq*.

Qi Yan Weng admitted in his answer that he was the managing member of Fu Weng Trading, LLC. *See* ¶ 7 of the Complaint (Document #1) and the Defendants' Answer (Document #16).

As to Minhui Weng, the complaint alleged that she was in a position to control PACA trust assets were the subject of the lawsuit and was a statutory trustee of those assets. She denied those allegations.

When the complaint was filed, Cimino Brothers Produce also sought a temporary restraining order and preliminary injunction to preserve the PACA trust assets. The Court entered a temporary restraining order and scheduled a hearing on the motion for preliminary injunction. In their response, the defendants admitted that Qi Yan Weng was the managing member of Fu Weng Trading, LLC, which had ceased doing business. The defendants also stated that Qi Yan Weng had no objection to injunctive relief being entered with regard to any PACA assets or PACA trust funds for accounts receivable for Fu Weng Trading, LLC. Defendants denied, however, that Minhui Weng had control over the PACA funds and denied that Cimino Brothers Produce was entitled to any injunctive relief against her.

The parties agreed that the TRO would remain in place while they attempted to work out an amicable resolution of the case, but eventually they announced that an amicable resolution could not be reached and agreed that the TRO should be dissolved.

This case then went to trial. The parties stipulated that Fu Weng Trading, LLC, owed the plaintiff the principal sum of $46,426.90 for perishable agricultural commodities; that the invoices included provisions for the recovery of interest at the rate of 18% per annum from the date payment was due; that the invoices included provisions for the recovery of reasonable attorneys' fees and costs; that the plaintiff properly preserved its PACA trust rights and is a valid PACA trust creditor of Fu Weng Trading, LLC, a/k/a Fu Weng Foods, Inc.; and that Qi Yan Weng was a principal of Fu Weng Trading, LLC, during the relevant time. The issue at trial was whether Minhui Weng controlled or was in a position to control the PACA trust assets of Fu Weng Trading, LLC, a/k/a Fu Weng Foods, Inc. The Court held that she did not control and was not in a position to control the PACA trust assets, so she was not a statutory trustee. In other words, there was only one disputed fact at trial, and the Court resolved that question against Cimino Brothers Produce.

Cimino Brothers Produce requests a total of $48,910.48 for fees and expenses through the date of filing its motion for fees and expenses. The defendants object because they say that that amount is excessive in view of the results obtained. The Court agrees with the defendants. The fee request is disproportionate to the amount in controversy, and most of it is attributable to litigation over an issue on which Cimino Brothers Produce did not prevail.

The defendants filed their answer on March 14, 2008. As stated above, the answer admitted the facts sufficient to hold Fu Weng Trading, LLC, liable for the full amount of the principal sum owed plus accrued interest. Although Qi Yan Weng did not admit that he was a PACA trustee in

the answer to the complaint, he did admit that the was the managing member of Fu Weng Trading, LLC.  By the time the answer had been filed, the defendants had already filed their response to the motion for temporary restraining order and preliminary injunction and had admitted that Fu Weng Trading, LLC, had ceased doing business, and that Qi Yan Weng had no objection to a preliminary injunction preserving any PACA trust assets in his possession.  As the defendants correctly point out in their response to the motion for attorneys' fees, the case at that point was ripe for summary judgment or motion for judgment on the pleadings on Cimino Brothers Produce's claims against Fu Weng Trading, LLC, and Qi Yan Weng.  The only issue to be litigated after that date was the personal liability of Minhui Weng.  Cimino Brothers Produce did not prevail on that issue.  Cimino Brothers Produce failed to prevail on the sole issue left to be litigated after the complaint was filed.

The Court will therefore allow fees and expenses incurred through the date the answer was filed and for a reasonable time thereafter.  The answer was filed on March 14, 2008.  The Court will award fees and expenses incurred through March 31, 2008.  For local counsel, that amount is $2,372.07.  For Cimino Brothers Produce's lead counsel, the amount of fees is $7,490.  The expenses for that period of time total $107.31.  In addition, Cimino Brothers Produce is entitled to recover the filing fee of $350.  Therefore, fees and expenses will be awarded in the total sum of $10,319.38.  A judgment in that amount will be entered separately.

IT IS SO ORDERED this 8th day of October, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE